UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY WHITE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　　Respondent. | Case No. 1:23-cv-00645-CDB (HC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 3) |

　　　　Petitioner, a federal prisoner, proceeds *pro se* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Before the Court is Petitioner's motion to appoint counsel. (Doc. 3). Petitioner requests that the Court appoint counsel to represent him because (i) he has limited legal knowledge, and (ii) the prison library has a limited selection of law books. *Id*.

　　　　There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). *See also Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) when the court has

authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *See* Habeas Rules 6(a) and 8(c).[1]

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this early stage of the proceedings. This case is still undergoing screening and a case record has not yet been developed. Furthermore, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner was able to file his habeas petition without the aid of counsel. Petitioner's proffered difficulties with his lack of legal training and limited prison library resources are shared with many other habeas petitioners. Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary.

Accordingly, it is **ORDERED**, Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **May 2, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules Governing §2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).