UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY WHITE,<br><br>             Petitioner,<br><br>     v.<br><br>M. ARVIZA,<br><br>             Respondent. | Case No. 1:23-cv-00645-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>(Doc. 1)<br><br>**21-day Deadline**<br><br><u>Clerk of the Court to assigned District Judge</u> |

Petitioner Danny White ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks review of his custody and vacatur of the sentence imposed on him by the United States District Court for the Western District of Michigan. For the reasons set forth below, the Court will recommend that the petition be dismissed for lack of jurisdiction.

**<u>Background</u>**

On June 13, 1995, Petitioner was convicted following a jury trial of four counts alleged in a superseding indictment charging him with various violations of the Controlled Substances Act. *See United States v. White et al.*, No. 1:95-cr-00023-JMB, W.D. Mich. (Docs. 50, 148). On September 11,

---

[1] At the time he commenced this action, Petitioner was housed at FCI-Mendota, in the Eastern. District of California. *See* (Doc. 1 at 1-2).

1

1995, Petitioner was sentenced to life imprisonment. *Id*. (Dkt. entry 9/11/95 & Doc. 189). Upon his direct appeal, the Sixth Circuit affirmed Petitioner's convictions and sentence in an unpublished opinion filed June 20, 1997. *See United States v. White et al.,* 116 F.3d 1481 (6th Cir. 1997) (unpublished). The United States Supreme Court denied certiorari on October 20, 1997.

On October 19, 1998, Petitioner filed in the sentencing court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *White et al*., No. 1:95-cr-00023-JMB (Doc. 319). In his motion, Petitioner raised various claims, including that his attorney was ineffective at sentencing in challenging the jury's failure to determine drug quantity beyond a reasonable doubt, relying in part on *Apprendi v. New Jersey*. Id. (Doc. 395 at 1-2). Petitioner also argued that the rule announced in *Apprendi* applied retroactively, rendering his conviction and sentence unconstitutional. *Id*. at 2. On July 14, 2003, the sentencing court denied Petitioner's motion (*id*., Docs. 395, 396) and on November 26, 2003, the Sixth Circuit denied a certificate of appealability (*id*., Doc. 402). The United States Supreme Court denied certiorari on October 28, 2004. *Id*. (Doc. 419).

In 2016, Petitioner filed a new § 2255 motion in the sentencing court in which he argued his life sentence was now unconstitutional because a California court had recently reclassified one of Petitioner's prior felony drug convictions as a misdemeanor. *Id*. (Docs. 494, 498). Construing Petitioner's request as a motion for authorization to file a second or successive § 2255 motion, the sentencing court transferred the action to the Sixth Circuit. *Id*. (Doc. 498). The Sixth Circuit concluded that, because Petitioner's claim was not ripe at the time he filed his first § 2255 motion, the action was not successive and remanded to the sentencing court for consideration as an initial § 2255 motion. *Id*.

Upon remand, the sentencing court appointed counsel for Petitioner. *Id.* (Doc. 499). On March 6, 2017, appointed counsel filed a supplemental brief in further support of Petitioner's § 2255 motion. (Doc. 500).

On May 2, 2018, the sentencing court denied Petitioner's § 2255 motion. *Id*. (Doc. 506). First, the sentencing court found that Petitioner was not eligible for relief under the Supreme Court's 2015 decision in *Johnson v. United States* (a case involving the Armed Career Criminal Act ["ACCA"]) because Defendant was not sentenced pursuant to the ACCA and his sentence was not

2

enhanced pursuant to a residual-clause "crime of violence." *Id.* at 3-4. Second, the sentencing court found that Petitioner was not eligible for relief under the Supreme Court's 2005 decision in *Johnson v. United States*, notwithstanding Petitioner's argument that a California court in September 2015 reclassified one of his prior felony drug convictions from a felony to a misdemeanor such that his life sentence now was unconstitutional. *Id.* at 4. The sentencing court also denied a certificate of appealability (*id.* at 6). Petitioner did not appeal.

**Petitioner's Claims**

Petitioner purports to bring his petition for writ of habeas corpus under the "escape hatch" (or "savings clause") of 28 U.S.C. § 2255. (Doc. 1 at 6).[2]

In his first claim, Petitioner argues that his prior felony drug convictions on which the sentencing court relied in enhancing his sentence to life imprisonment are no longer "qualifying predicate crimes" under "new statutory requirements of Title 21 U.S.C. § 802" "implemented by the First Step Act" in 2018. (Doc. 1 at 14-15). Specifically, Petitioner notes that, under the 2018 FSA amendments, a drug-related conviction may not serve as a qualifying predicate crime to enhance a defendant's sentence ("serious drug felony") unless the defendant served more than 12 months of the sentence imposed. He contends he only served 12 months of incarceration on one of his prior convictions used by the sentencing court to enhance his sentence and that, accordingly, he is entitled to relief under the FSA. *Id*. at 15.

In his second claim, Petitioner raises a substantially similar challenge as presented in his first claim concerning the sentencing court's reliance on one of Petitioner's prior drug convictions to enhance his sentence. In support of his claim, instead of the FSA, Petitioner relies on a trilogy of Supreme Court decisions issued after the sentencing court imposed sentence: *Shephard v. United States* (2005), *Descamps v. United States* (2013), and *Mathis v. United States* (2016). *Id*. at 19-20.

In his third claim, Petitioner raises a substantially similar challenge as presented in his first two claims but relies on another decision of the Supreme Court issued after Petitioner's sentencing: *Alleyne v. United States* (2003). *Id*. at 21-22.

---

[2] References herein to Petitioner's petition cite the CM/ECF-assigned page number.

**Preliminary Screening Requirement**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.[3] Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

At the time Petitioner filed his petition, courts recognized an exception to this general rule by which a federal prisoner could challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255, with the filing of a § 2241 petition in the district of the petitioner's confinement. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Under the § 2255 escape hatch, "a federal prisoner may file a § 2241

---

[3] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

4

petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897). In the Ninth Circuit, a remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). Instead, prior to 2023, § 2255 was deemed to provide an "inadequate and ineffective" remedy (and, thus, permit a petitioner to proceed under Section 2241 in the district of confinement) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim. *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192. The petitioner bears the burden to show that a remedy under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

In June 2023, the Supreme Court held in *Jones v. Hendrix* that § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." 599 U.S. 465, 478 (2023). The court noted that § 2255(h) specifies the two limited circumstances permitting a federal prisoner to bring a second or successive collateral attack on his sentence: (1) where new evidence clearly and convincingly shows no reasonable factfinder could find the movant guilty; and (2) a new rule of constitutional law, previously unavailable, could apply retroactively to the movant's case. *See id.* at 480; 28 U.S.C. § 2255(h). In significantly narrowing the ambit of § 2241, the Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 599 U.S. at 480.

Relatedly, a court of confinement lacks jurisdiction over a § 2241 petition where the petitioner files it before he files a § 2255 motion raising the same claims in the district of conviction. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (noting that a contrary rule "would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time")

**Discussion and Analysis**

Petitioner fails to provide an adequate petition for writ of habeas corpus and fails to establish this Court possesses jurisdiction over his "escape hatch" claim. Specifically, Petitioner fails to demonstrate "unusual circumstances" that "make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478.

With respect to his first claim for relief under the First Step Act, contrary to his argument, Petitioner is not eligible for resentencing under the FSA because his sentence was imposed before the law's enactment and the FSA only applies to an offense "that was committed before the date of enactment of [the] Act[] if a sentence for the offense has not been imposed as of such date of enactment." *United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020). Because Petitioner's sentence was imposed long before passage of the FSA, he is not entitled to be resentenced according to its reforms. *Id*.

As to his other claims for relief, although Petitioner argues that he has not had an "unobstructed procedural shot" previously to raise these claims, in fact, all of the Supreme Court cases upon which he relies in support of these claims were issued *prior* to Petitioner's filing of his second § 2255 motion in the Western District of Michigan in June 2016 and appointed counsel's filing of a supplemental brief in further support of that motion in March 2017. Thus, because Petitioner could have but did not raise those challenges in his earlier § 2255 motion, this Court lacks jurisdiction to consider them now. *See Ivy*, 328 F.3d at 1060 (finding that failure to assert habeas claim either in the petitioner's direct appeal or initial § 2255 motion such that claim was procedurally barred "does not mean that § 2255's remedy was 'inadequate or ineffective'" under the savings clause). And even if Petitioner raised in this Court claims that arguably only arose after he filed his earlier § 2255 motions in the sentencing court, as in *Jones*, Petitioner's inability previously to raise such claims to satisfy either of the § 2255(h) conditions does not mean that he can bring his claim in a habeas petition under the saving clause; instead, it means "that he cannot bring it at all." *Jones*, 599 U.S. at 480.[4]

---

[4] Indeed, Petitioner cannot satisfy either of the § 2255(h) exceptions permitting a federal prisoner to bring a second or successive collateral attack on his sentence. He does not purport to rely on new evidence, and the cases upon which he principally relies (*Descamps* and *Mathis*, *see supra*) are cases of statutory interpretation and did not announce new rules of constitutional law. *See Ezell v.*

6

Therefore, Petitioner's § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a sentence imposed by a federal court and must be dismissed for lack of jurisdiction.

* * * * *

Had Petitioner not previously filed § 2255 motions in the Western District of Michigan, the undersigned could construe the petition here as a § 2255 motion and transfer it to that district (the only court to possibly have jurisdiction over Petitioner's habeas claims). But since Petitioner previously filed multiple § 2255 motions in that district, and since the no court has authorized Petitioner to file a second and successive § 2255 motion, transfer would not be in the interests of justice because it would be futile. Accordingly, the undersigned will recommend that the petition be dismissed for lack of jurisdiction. *Cf. Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (under 28 U.S.C. § 1631, if a district court finds it lacks jurisdiction, it must transfer habeas corpus proceeding to the appropriate court when such transfer is in the interests of justice).

**Conclusion and Recommendations**

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a District Judge.

The undersigned FURTHER RECOMMENDS that Petitioner's petition for habeas corpus be dismissed for lack of jurisdiction.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these

---

*United States*, 778 F.3d 762, 763 (9th Cir. 2015) (addressing *Descamps*); *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (addressing *Mathis*).

Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 7, 2025__

UNITED STATES MAGISTRATE JUDGE