# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY WHITE,<br><br>      Petitioner,<br><br>    v.<br><br>M. ARVIZA,<br><br>      Respondent. | Case No. 1:23-cv-0645 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 9) |

      Danny White is a federal prison proceeding *pro se* with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The magistrate judge performed a preliminary review of the petition and found "Petitioner fails to provide an adequate petition for writ of habeas corpus and fails to establish this Court possesses jurisdiction over his 'escape hatch' claim." (Doc. 9 at 6.) The magistrate judge also found that Petitioner was "not eligible for resentencing under the [First Step Act] because his sentence was imposed before the law's enactment." (*Id.*, citing *United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020).) Finally, the magistrate judge noted that Petitioner previously filed a Section 2255 motion in the Western District of Michigan—the sentencing court—and was not authorized to file a successive petition. As a result, the magistrate judge found the Court could not construe his petition as a Section 2255 motion and transfer it to that district. (*Id.* at 6-7.) Therefore, the magistrate judge recommended the petition be dismissed for lack of jurisdiction. (*Id.* at 7.)

     The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days.  (Doc. 9 at 7.)  The Court advised Petitioner that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal."  (*Id.* at 8, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

     According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

     A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Notably, the Ninth Circuit indicated that "[w]here a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). Generally, the Court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.  The Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that issues presented are deserving of encouragement to proceed further. Petitioner does not make the required substantial showing of the denial of a constitutional right.  Thus, to the extent the petition may be interpreted as a disguised Section 2255 motion, the Court declines to issue a certificate of appealability.

     Based upon the foregoing, the Court **ORDERS**:

1.    The Findings and Recommendations issued on July 8, 2025 (Doc. 9) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

3. The Court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **August 12, 2025**            */s/ Jennifer L. Thurston*
                                                       UNITED STATES DISTRICT JUDGE